UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DR. KRISTEN BENNETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-0289-B |
| | § | |
| TARRANT COUNTY COLLEGE DISTRICT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Dr. Kristen Bennett's Motion for Leave to File Amended Pleading (Doc. 47). Based on recent deposition testimony, Dr. Bennett seeks to amend her Title VII retaliation claim and her 42 U.S.C. § 1983 claims. The Court **GRANTS in part** and **DENIES in part** the Motion. Specifically, Dr. Bennett's request for leave to amend her Title VII retaliation claim is **GRANTED**. Dr. Bennett's request for leave to amend and replead her § 1983 claims is **DENIED**.

By Friday, April 28, 2023, Dr. Bennett must file an amended complaint, amending only her claim for retaliation under Title VII. By May 5, 2023, Defendant Tarrant County College District ("TCCD") must respond to only the amended Title VII retaliation claim. If TCCD responds by filing a Rule 12 motion, Dr. Bennett's response to that motion is due May 12, 2023. No reply will be considered. Further, the parties deadline for dispositive motions is **EXTENDED** to May 30, 2023.

"When, as here, the deadline for seeking leave to amend pleadings has expired, a court considering a motion to amend must first determine whether to modify the scheduling order under the [Federal Rule of Civil Procedure] 16(b)(4) good cause standard." *Valcho v. Dallas Cnty. Hosp. Dist.*, 658 F. Supp. 2d 802, 814 (N.D. Tex. 2009) (Fitzwater, C.J.) (footnote omitted). The Rule

- 1 -

16(b)(4) "good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). In determining whether good cause has been shown, courts consider "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Protection, Inc. v. Fogleman,* 607 F.3d 161, 167 (5th Cir. 2010).

"If the movant satisfies the requirements of Rule 16(b)(4), the court must next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that 'the court should freely give leave when justice so requires.'" *Valcho*, 658 F. Supp. 2d at 814 (citing Fed. R. Civ. P. 15(a)(2)) (alteration omitted). Since Rule 15(a)(2) provides that leave to amend should be granted "freely" as "justice so requires," Fed. R. Civ. P. 15(a)(2), "[a] motion to amend ordinarily should be granted absent some justification for refusal." *Whitley v. Hanna,* 726 F.3d 631, 648 (5th Cir. 2013).

Applying the Rule 16(b)(4) good cause factors, the Court finds the first two factors heavily support a finding of good cause. Dr. Bennett seeks to include allegations based on deposition testimony that was not available until recently. Doc. 47, Mot., 1, 4. And these allegations are relevant to the deficiency the Court identified in Dr. Bennett's claim for retaliation under Title VII. *See* Doc. 34, Mem. Op. & Order, 10 (dismissing Dr. Bennett's Title VII retaliation claim because she failed to show she engaged in a protected activity). As to the final two factors, the Court finds that any prejudice to Defendant TCCD can be cured by a two-week extension of the dispositive motions

deadline and a limited response to the amended complaint. The Court therefore finds good cause under Rule 16(b)(4).

TCCD argues that leave to amend should nonetheless be denied because the proposed amendments would be futile. Doc. 51, Resp., 1. The Court may deny Dr. Bennett's Motion to the extent the repleaded claims fail to overcome the deficiencies that led to their dismissal. *See Simmons v. Sabine River Auth. La.,* 732 F.3d 469, 478 (5th Cir. 2013). The Court finds the proposed amendment to Dr. Bennett's Title VII claim is not obviously futile. It addresses the deficiency identified by the Court in its Memorandum Opinion and Order (Doc. 34)—failure to allege an unlawful employment practice. TCCD presents several arguments why the retaliation claim is deficient, but the Court finds these arguments are better suited for a motion to dismiss or summary judgment. Accordingly, the Court **GRANTS** Dr. Bennett leave to amend her Title VII claim.

However, the Court finds that Dr. Bennett's proposed amendment to her § 1983 claims fails to overcome the deficiency that led to their dismissal—failure to show municipal liability. The Court finds that the proposed amendment still fails to show municipal liability, *see Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)), thus amendment would be futile, *see Simmons,* 732 F.3d at 478. The Court therefore **DENIES** leave to amend those claims as futile. *See id.*

SO ORDERED.

SIGNED: April 27, 2023.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE