UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DR. KRISTEN BENNETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-0289-B |
| | § | |
| TARRANT COUNTY COLLEGE DISTRICT, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Before the Court is Plaintiff Dr. Kristen Bennett's Rule 41(a)(2) Motion to Dismiss (Doc. 95). For the reasons explained below, the Court **GRANTS** this Motion.

## I.

## BACKGROUND

The Court previously dismissed all of Dr. Bennett's claims against Defendant Tarrant County College District ("TCCD") except for her Title VII retaliation claim. Doc. 62, Mem. Op. and Order, 1. TCCD then filed a motion for summary judgment on the Title VII retaliation claim, which this Court denied. Doc. 92, Mem. Op. and Order. On October 16, 2023, roughly two weeks before the scheduled trial date, Dr. Bennett filed a notice of dismissal seeking to abandon her Title VII retaliation claim after the Court ordered each party to submit supplemental briefing. Doc. 95, Notice, 1. The Court construed Dr. Bennett's notice as a Rule 41(a)(2) Motion to Dismiss to efficiently resolve this matter in light of the parties' upcoming trial. Doc. 102, Order. The week before trial, Dr.

Bennett again asserted she would not litigate her claim and indicated she intended to offer no evidence at trial. Doc. 108, Resp. The Court considers this motion below.

## II.

## LEGAL STANDARD

The decision to dismiss a case at a plaintiff's request and to decide the terms and conditions of the dismissal fall within sound discretion of the district court. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) (citations omitted); Fed. R. Civ. P. 41(a)(2). Courts may grant voluntary dismissal of a cause of action freely unless the non-moving party will suffer plain legal prejudice as a result. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). The Fifth Circuit has found plain legal prejudice in instances where granting a motion for voluntary dismissal would strip the non-movant of an otherwise available defense or where the motion is filed at a "late stage" in the litigation. *Phillips v. Ill. Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989) (holding that a second suit that would bar a defendant from utilizing a statute of limitations defense comprises clear legal prejudice); *see, e.g., Robles v. Atlantic Sounding Co., Inc.*, 77 Fed. App'x. 274, 275 (5th Cir. 2003) (explaining that the timing of the motion to dismiss can cause plain legal prejudice).

## III.

## ANALYSIS

The Court finds that TCCD would not suffer legal prejudice and thus grants Dr. Bennett's motion to dismiss. First, TCCD will not be losing any available defense if the Court dismisses Dr. Bennett's Title VII retaliation claim with prejudice. While TCCD wishes to assert affirmative defenses to the jury even if Dr. Bennett offered no evidence, TCCD is unable to offer any authority establishing its entitlement to do so. Additionally, TCCD would still be able to assert the after-

acquired evidence defense at any subsequent trials.

Second, while this 41(a)(2) Motion to Dismiss comes at a "late stage" in the litigation, the Court notes that this claim will be dismissed with prejudice and thus Dr. Bennett will not able to assert it in subsequent litigation. Instead, Dr. Bennett plans on appealing her "claims already dismissed by the Court." Doc. 98, Mot. Therefore, the Court finds that TCCD will not suffer any plain legal prejudice and **GRANTS** Dr. Bennett's motion to dismiss her Title VII claim **WITH PREJUDICE.**

### IV.

### CONCLUSION

For the reasons discussed above, the Court **GRANTS** Dr. Bennett's Rule 41(a)(2) Motion to Dismiss and **DISMISSES** her Title VII claim **WITH PREJUDICE.**

**SO ORDERED.**

**SIGNED: November 1, 2023.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT